*426 OPINION.
Teussell:
The testimony in the record of this case convincingly establishes that in the years 1914 and 1919 and 1920, when the transactions herein described took place, the grantor, August F. W. Brehmer, at such times a retired farmer, was still in good health; that he had up to 1920 no thought of approaching death, and that up to the time of these transactions there had occurred no incident which, in the ordinary course of life, should or could have caused him any apprehension of impending death. We are, therefore, satisfied that the transfers here in question were made not in contemplation of death.
In the original grants made in 1914 the instruments of conveyance were in the form of ordinary warranty deeds but contained reservations respecting the income and profits from the farms and required that such income and profits should accrue to the grantor and his wife during their respective lives, or the survivor. In the instruments of conveyance made in the years 1919 and 1920 the reservations respecting rents and profits were specifically relinquished and thereupon the grantees acquired an absolute and indefeasible title to their respective parcels of land and subject to no encumbrance other than such mortgage liens as the grantees had themselves placed upon their land.
We can not escape the conclusion that the grantor in these transactions intended to and did convey to the grantees the entire interest in the property conveyed and that the grantor after giving the deeds in 1919 and 1920, retained no interest in nor claim upon lands conveyed, and that the grantees then took complete possession and enjoyment of their respective farms. We are thus brought to the conclusion that the transfers were not intended to take effect in possession or enjoyment at or after the grantor’s death.
The situation in respect to these transfers is somewhat analogous to the trust described in the case of Nichols v. Coolidge, 274 U. S. 531, *427 and under the decision of the Supreme Court in that case the value of the properties described in the case here at bar can not be included in the gross estate of the decedent.

The deficiency in estate tax should he computed in accordance with the above findings of fact and opinion. Order of redeterndnation will he made upon 15 days’ notice, under Bule 50.

Considered by Littleton, Smith, and Love.